(Decided Dec. 15th, 1863.)

ANNE E. WRIGHT, IN THE MATTER OF THE INSOLVENT PETITION OF ANTHONY WRIGHT, *vs.* WILLIAM KUHN AND OTHERS.

INSOLVENCY AND INSOLVENT DEBTORS: CODE, ART. 5, SEC. 13, CONSTRUCTION OF:—APPEALS.—Where a party claiming title to negro property or its proceeds in the hands of the trustee of an insolvent debtor, and having an adequate remedy by an action at law, comes voluntarily into a Court exercising jurisdiction in insolvency, and submits her rights to it as such, she becomes subject to the provisions of Art. 5, sec. 13, of the Code, relating to appeals in cases of insolvency, and unless those provisions are complied with, an appeal by her from an order of that Court passing upon those rights, must be dismissed.

APPEAL from the Circuit Court for Frederick County:

This is an appeal from an order of the Circuit Court for Frederick County (NELSON, J.) passed in a case of insolvency, sustaining exceptions taken by the creditors of the insolvent debtor to the auditor's report distributing the proceeds of sale of certain negroes claimed by the trustee as belonging to the estate of the insolvent, and also claimed by the appellant, the daughter of the insolvent debtor, as having been the joint property of herself and her deceased mother Sarah Wright. The material facts of the case are these:

Anthony Wright petitioned for the benefit of the insolvent laws on the 14th of September 1858, and William T.

Gittings was appointed his trustee in insolvency, and after selling other property it was agreed between the appellant, the trustee, and the creditors, that these negroes should be sold by the trustee and the proceeds brought into Court for distribution according to the rights of the persons interested therein, without prejudice to the claims of the appellant, and with power to take such proof before the auditor as if a bill for a division had been filed or an action of trover instituted by the appellant against the trustee. The negroes were accordingly sold by the trustee for $1970, and the appellant then filed her petition in which her claim to the negroes is set forth.

The creditors in their answer to this petition deny that these negroes are the property of the petitioner, and claim that they were the property of the said Anthony at the time of his application for the benefit of the insolvent laws, and have rightfully passed to his trustee for the benefit of his creditors, and that the proceeds ought to be applied to the payment of their debts.

Testimony was taken before the auditor in pursuance of the aforesaid agreement, and a report made and account stated, distributing one-half of the gross proceeds of sale of the negroes to the appellant and the other half to the creditors of the insolvent. The creditors filed exceptions to so much of the auditor's report as gives one-half of these proceeds to the appellant. These exceptions the court sustained, and adjudged and ordered that, "the creditors of the insolvent are entitled to the funds, Anne E. Wright having, in the opinion of this Court, no right to the property claimed by her." From this order the said Anne E. Wright appealed.

The cause was argued before BOWIE, C. J., and GOLDSBOROUGH and COCHRAN, J.

No counsel appeared for appellant:

*O. Miller*, for the appellees, argued:

That by Art. 5, sec. 13, of the Code of Public General Laws, it is enacted, that the Court from whose judgment or order, under the insolvent laws, an appeal shall be taken, shall immediately, upon the entry of such appeal, *certify* and state the questions in and decided by such Court; and no question which shall not appear by such *certificate* to have been raised in said Court, *shall be considered* by the Court of Appeals. Now, by this section, *after* the appeal is taken, there must be a *certificate* made out by the judge, stating the questions decided by him, and this Court is *forbidden* to consider any question which does not appear by *such certificate* to have been raised in the Court below. The *order* appealed from here was passed on the 26th, and the appeal was entered and taken on the 31st of July 1862, and though the prayer for the appeal prays the judge to certify and state in writing the questions decided by the Court, according to the provisions of the above Article of the Code, yet *no such certificate* appears in the record. The record has, therefore, been brought to this Court prematurely, and no question is before this Court for its consideration. The consequence is that the appeal must either be dismissed or the order appealed from affirmed. This provision contained in the Code is taken from the Act of 1849, ch. 88, which first granted appeals in cases in insolvency.

GOLDSBOROUGH, J., delivered the opinion of this Court:

This case presents the double aspect of a regular proceeding in the Circuit Court for Frederick County, disposing of the rights of creditors against an insolvent debtor to a fund in insolvency, and *pari passu* entertaining a petition by *agreement* followed by many of the characteristics of a bill in chancery.

William S. Gittings was appointed trustee of Anthony Wright, who petitioned for the benefit of the insolvent laws on the 14th day of September 1858; while acting in the

capacity of trustee, Gittings took possession of certain negroes named in the record, as the property of Wright the insolvent. When Gittings was about to sell these negroes, the appellant came forward and claimed them as her property, but by the agreement set out in the record, the trustee was permitted to sell them and bring the proceeds of sale into Court for distribution according to the rights of the parties interested therein, without prejudice to the claims of the appellant, and the mode of taking proof was also set out in the agreement. This agreement is prefaced as follows: "In the matter of the estate of Anthony Wright an insolvent debtor."

If it be claimed that appellant had a right to resort to a Court of Equity to adjust her claim, it may be answered that equity will not interfere where the party has an adequate remedy at law; and that the appellant had such remedy by an action of *trover* or *replevin,* cannot be doubted. If, therefore, she waived her right at law, and voluntarily came into a Court exercising jurisdiction in insolvency, she must be regarded in no other light than as a claimant of money in the hands of Gittings as trustee of the insolvent debtor; and the proceedings under the agreement must be held to be but ancillary to the distribution of the fund according to the rights of the respective parties interested.

The appellant being thus in the insolvent Court, and her rights submitted to it as such, she became subject to the provisions of the insolvent laws, including the 13th section of Article 5, of the Code, which declares the right of appeal with the restrictions named in this article and section.

By an inspection of the record, we find that the appellant recognized the obligation to comply with the provisions of the above Article and section, and actually "prays that the judge of this Court certify and state in writing in the case, the questions in and decided by this Court according to the provisions of the fifth Article of the Maryland Code, of Public General Laws, section thirteen."

The certificate of the judge, as to the points decided, is

wholly omitted, and as a necessary consequence, no question has been presented for our adjudication as required by the provisions of the section referred to; under these circumstances, it is the opinion of a majority of this Court, that we have no alternative but to dismiss the appeal.

*Appeal dismissed.*

(Decided Dec. 15th, 1863.)