Jaeger *vs.* Requardt.

(Decided June 28th, 1866.)

---

## EDWARD JAEGER *vs.* JOHN J. REQUARDT.

INSOLVENCY,—INSOLVENT LAWS: PRACTICE: FILING OF ALLEGATIONS: FRAMING OF ISSUES: JURISDICTION: CODE, ART. 48, SECS. 1, 6, 7, 9 and 19.—A petitioner obtained his final discharge under the insolvent laws on the 1st of June, 1863. Allegations were filed by certain of his creditors on the 31st of May, 1865.—HELD:

That the allegations were filed within the two years prescribed by Art. 48, sec. 19 of the Code.

It is the right of a creditor filing allegations—although he may fail to show himself *in limine* to be a creditor of the insolvent—upon a proper issue made, to offer evidence to the jury to show the existence of the indebtedness.

The jurisdiction of the Court to dispose of a case in insolvency, upon allegations filed, arises out of the 19th section of the 48th Article of the Code, and attaches immediately upon the filing of the allegations within the time prescribed.

The filing of the allegations is a preliminary proceeding, and secures to the

party alleging himself to be a creditor the right to have issues made upon the material facts set out in his allegations, to be tried by a jury.

If the facts relied on tend to prove fraud, and that the insolvent petitioner has not complied with the requirements of the 1st section of the 48th Article of the Code, or has been guilty of acts prohibited by the 6th, 7th or 8th sections of the same Article, it is the duty of the Court to have issues framed confining the petitioning creditor to such facts, as if found by the jury, would sustain the allegations of fraud as alleged.

A creditor filing allegations should have the opportunity of showing, by evidence to the jury, the time at which certain acts set forth in his allegations were done, where it may be afforded him by an issue framed for that purpose.

The simple duty of the Court, when allegations are filed, is to direct the framing of issues, and to determine in view of the provisions of the 48th Article of the Code, whether the facts presented in them, if found by the jury, would convict the insolvent of having acted in derogation of those provisions, and if the issues were found against the insolvent, to annul and rescind his discharge and release.

APPEAL from the Court of Common Pleas of Baltimore city:

This is an appeal from a decision of the Court of Common Pleas dismissing certain allegations filed by the appellant against the appellee who had been discharged under the insolvent laws. The facts of this case are as follows:

John J. Requardt, the appellee, filed his petition for the benefit of the insolvent laws on the 7th of February, 1863, and on the 1st of June following, by an order of the Court, was finally discharged. On the 31st of May, 1865, the appellant filed a petition in said Court alleging himself to be a creditor of the appellant; that it appeared from the schedule of the applicant, that he was not "possessor of any property or assets of any kind or description wherewith to satisfy and pay his creditors, either in whole or in part;" * * * "which schedule, in return, your petitioner shows to this Court is false and fraudulent, and which your petitioner is ready to verify," &c.

With his said petition the appellee filed seven allegations of fraud, &c., and the said petition concludes with the prayer, "that issues be had and made thereon, and tried by a jury by and in accordance with and in virtue of sec. 19 of Art. 48 of the Code of Public General Laws of the State of Maryland, and of the insolvent laws of said State," &c.

The first allegation was, that the said Requardt, on or about the 10th of January, 1863, became the legal owner of a valuable lot of furniture, household stuff and utensils, and a large and valuable lot of cigar-maker's tables, tobacco and cigars, &c., situated in his dwelling house and store in the city of Baltimore, which property "was in the custody and possession of the said Requardt from the day last aforesaid, continuously to the time of his said application for the benefit of the insolvent laws as aforesaid, and subsequent thereto."

The second was, that on or about the 7th day of February, 1862, within one year of the time of filing his application, he had by bill of sale duly executed, acknowledged and recorded, conveyed to his wife, Johanna Julia Requardt, a valuable lot of furniture, property and stock-in-trade, &c., and "thereby gave an undue and improper preference to one of his creditors, * * * when he had no reasonable expectation of being exempted from liability to execution on account of his debts or responsibilities without petition for the benefit of the insolvent laws," &c.

The third allegation was, that the said Requardt, for two years previous to his application as well as after that time, "had been doing a large and extensive business in the city of Baltimore as a cigar manufacturer," "but had not returned or handed over to his trustee in insolvency any property or assets, but had concealed the same to defraud and delay his creditors," &c.

The fourth allegation was, that the said Requardt, within one year of the filing of his said application, gave an undue

and improper preference to certain of his creditors by delivering to them portions of his stock-in-trade, cigars, &c., when he had no reasonable expectation of being exempted from liability to execution, &c.

The fifth charged that the said Requardt had concealed cigars and other valuable merchandize with divers persons, in order to delay and defraud his creditors, particularly the petitioner, and to secure the same in order to receive profit, benefit and advantage to himself therefrom, &c.

The sixth charged the said Requardt with transferring and concealing his property and goods, as in the preceding allegations, and that "he so acted with the view of applying for the benefit of the insolvent laws; that before and after the date of his application, and up to the date of his discharge, he continuously carried on his usual business with the inscription on his sign :—'J. J. Requardt, Agent;' and that immediately after his discharge the word 'Agent' was erased therefrom; that there was in fact no agency, and that the whole was a sham to defraud and delay his creditors, and so to secrete his effects as to prevent the same from being applied to the payment of his debts."

The seventh charged, that the said Requardt "had not delivered up to his trustee in insolvency, for the benefit of his creditors, all his property, estate, rights and claims of every description, to which he was in any manner entitled at the time of his application aforesaid, to wit: on the 7th day of February, 1863, the necessary wearing apparel and bedding of himself and family, &c., excepted; and that the said Requardt so acted for the purpose, and with the intent to delay and defraud his creditors, and especially your petitioner."

Each of said allegations concluded with the following prayer: "Wherefore, the said Edward Jaeger, your petitioner, in behalf of himself and the other creditors aforesaid, prays and insists, that the said John J. Requardt should be

forever precluded from any and all benefit of the Insolvent Laws of Maryland, and especially of his application aforesaid, to wit: of the date of the seventh day of February, 1863."

Annexed to these allegations was a notice to Requardt, in the usual form, to plead within fifteen days. A summons was then issued, returnable on the second Monday in September, 1865, commanding Requardt to appear and answer the allegations preferred against him. He was summoned, and on the 22nd of September, 1865, filed a motion to dismiss said petition and allegations for the several reasons which are set out in full in the opinion of this Court. The Court of Common Pleas (KING, J.,) sustained the motion, and dismissed the petition and allegations filed by Jaeger, from which order of said Court Jaeger appealed. The judge below afterwards filed his certificate of the questions raised in said Court, as required by 1 Code, Art. 5, sec. 13, as follows:

" The judge of the Court of Common Pleas hereby certifies that the following questions were raised in said Court on the argument of the motion to dismiss the petition and allegations filed by Edward Jaeger against John J. Requardt, on the 31st of May, 1865.

"1st. That said petition and allegations were not filed within two years after the time of the final discharge of said John J. Requardt, and were, therefore, filed too late, under the provisions of section 19 of Article 48 of the Public General Laws of the Maryland Code.

"2nd. That Edward Jaeger never was a creditor of said John J. Requardt, and, therefore, had no right to file this petition and these allegations, as the insolvent's schedule exhibited no such name, and there was no evidence that he had ever been a creditor.

"3d. That the allegations are not in such form that the said

Requardt could plead to them as required by the notice to plead and rule appended to them.

"4th. That the allegations are not in proper form to be submitted to a jury, as they do not present separate and distinct issues of fact on which the jury could find a verdict of guilty or not guilty.

"5th. The said allegations present questions of law, and not questions of fact, to be determined, and if issue could be joined thereon they could not be properly triable by a jury as prayed to be in said petition, but they would present questions of law to be determined by the Court.

"6th. That the facts set forth in said allegations contain only matter which could have been known prior to the discharge of said Requardt, and, therefore, cannot now be made ground for setting aside and rescinding his discharge.

"The Court overruled the first question, did not decide the second question, and decided the third, fourth, fifth and sixth objections, which it sustained, and, therefore, dismisses the petition and allegations."

The cause was argued before GOLDSBOROUGH, COCHRAN and WEISEL, J.

*John R. Quinn* and *Levin Gale,* for the appellant, argued:

1st. That the allegations are in proper form.

2nd. That they are not double as alleged, but if so, that does not affect their validity.

3rd. That substantial allegations of fraud are contained in each and all of said allegations, and that is all that is necessary.

4th. That if the allegations are double as alleged, or contain matter of law, that the Court, in directing the framing of the issues thereon, could remedy any such defect. *Cain vs. Warford,* 3 *Md. Rep.,* 454. *Pegg vs. Warford,* 4 *Md.*

*Rep.*, 392. 2 *Daniel's Ch. Pr.*, 740, (5 *Lib. Law & Eq.*, 431.) *Barrol vs. Reading*, 5 *H. & J.*, 175. *Smith vs. Young*, 5 *Gill*, 197. 1 *Code*, *Art.* 48, *sec.* 19; *Art.* 5, *sec.* 13.

5th. That there is no evidence that the appellant knew or could have had knowledge of the matters charged as fraudulent before the discharge, but if he did, he is entitled, notwithstanding, to file allegations at any time within two years after the discharge is granted. 1 *Code. Art.* 48, *sec.* 19. *Code, Art.* 5, *sec.* 13.

*Benjamin F. Horwitz*, for the appellee:

This proceeding is designed to be in accordance with the provisions of section 19 of Article 48, 1 Code, 347. That section evidently contemplates and provides for three separate modes of procedure by a creditor against his insolvent debtor: two prior to his final discharge in order to prevent his being discharged, and one "within two years after the time of his discharge," in order to have "his discharge and release annulled and rescinded;" the first provides for an examination or trial of the insolvent before the Court to which he makes application; the second, for a trial by jury on issues. Both these are before final discharge. The third mode, which is the one designed to be invoked in this case, is in the following language: "any creditor may file allegations of fraud at any time within two years after the time of the final discharge of an insolvent, and have issues made thereon and tried by a jury, and if such issues be found against the insolvent, his discharge and release shall be annulled and rescinded." The language of this portion of section 19 is, it would seem, plain. The Court is, as in all cases of jury trials, to pronounce judgment on the verdict, and the judgment in this procedure is declared to be the absolute annulling and rescinding of the discharge "in case the issues be found against the insolvent." The clear and manifest duty of the

Court, therefore, is, when properly invoked, to supervise and control the issues tendered, and see that they are tendered by a proper person, within a proper time, and that they are such issues that if found against the insolvent would legally and properly authorize the Court to rescind and annul the discharge which the Court, under the law, is bound to do if the issues be found against the insolvent. If this were not the true construction of the law, anybody might within any time, tender any issues—it matters not how irrelevant, how immaterial or how improper, and if they be found against the insolvent, the Court would be placed in the anomalous position of illegally and improperly rescinding and annulling its own act properly performed years before which, of course, could not be, and is not the intention of the law. The case of *Smith vs. Young*, 5 *Gill*, 197, settles the question of the Court's right and duty in certain cases to refuse to send issues to a jury for trial. If, then, the Court of Common Pleas had the right to dismiss the petition and allegations, the next question is, did the Court properly exercise that right?

1st. This petition and these allegations were filed too late. Under the provisions of said section it is declared, that " any creditor may file allegations of fraud at any time within two years after the time of the final discharge of an insolvent," &c. This insolvent was finally discharged on the 1st of June, 1863, consequently, the 31st of May, 1865, completed the two years, and as in law a day is considered a unit, and is not susceptible of division, (except under special circumstances,) if it be true that the two years ended with the last minute of the 31st of May, 1865, it must be equally true, that in legal contemplation, they ended with the first minute of the 31st of May, and, therefore, that these allegations were filed after the two years had actually expired.

2nd. This law, giving the right to file allegations years

Jaeger vs. Requardt.

after the final discharge of an insolvent, who by his discharge, is judicially decided to have acted fairly and *bona fide*, is a hard law, and will be construed strictly. It is, of course, given to creditors and none others—it is a right to sue in a particular and special capacity—and where the schedule discloses no such creditor as the one preferring allegations, and where it is denied that he is a creditor, he should be compelled to show, *in limine*, and before the defendant is required to plead, that he is a creditor, and has a right to file allegations charging fraud, and a right to compel the defendant to plead to such grave charges years after his full and final discharge by a Court of competent jurisdiction.

3rd. The allegations are not in such form that the defendant could plead to them, as required by the notice appended to them.

4th. That the allegations are not in proper form to be submitted to the jury, as they do not present separate and distinct issues of facts on which a jury could find a verdict of "guilty" or "not guilty." As to the proper form of issues, see:—*Smith vs. Young*, 5 *Gill*, 197. *Pegg vs. Warford*, 4 *Md. Rep.*, 385. *Yingling vs. Hesson*, 16 *Md. Rep.*, 112. And, besides, they are so general that Requardt could not properly defend himself. They do not distinctly state any special charge. *Bridge Case*, 7 *Pick.*, 279.

5th. That said allegations present questions of law, and not questions of fact to be determined, and if issue could be joined thereon they would not properly be triable by a jury as prayed to be in said petition, but that they would present questions of law to be determined by the Court. *Steph. Pl.*, 24. *Id.*, *Appendix*, 18. *Crawford's Ex'r vs. Taylor*, 6 *G. & J.*, 323.

6th. The things set forth in the said allegations contain only charges which could have been known prior to the discharge of Requardt, and, therefore, cannot be made ground for setting aside and rescinding his discharge.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The appellee, John J. Requardt, applied to the Court of Common Pleas of the city of Baltimore, on the 7th day of February, 1863, for the benefit of the Insolvent Laws, and on the 1st day June of the same year obtained his final discharge.  On the 31st day of May, 1865, the appellant filed his petition in the same Court, alleging himself to be a creditor of Requardt, against whom, he held a promissory note over-due and unpaid; and that Requardt, when he petitioned, returned in his schedule that he had no property, which return was false and fraudulent.  The appellant, in behalf of himself and other creditors, in pursuance of the 19th section 'of the 48th Article of the Code, filed with his petition the seven allegations set out at length in the record.  The appellee, being summoned, appeared in Court, and by his counsel moved to dismiss the petition and allegations.

1st.  Because " the said Edward Jaeger was not, at the time of the application of this defendant for the benefit of the insolvent laws, one of his creditors, nor has he been so at any time since."

2nd.  " Because this defendant never was indebted to said Edward Jaeger."

3rd.  " Because said allegations are not in proper form to be submitted to a jury."

4th.  " Because said allegations present questions of law and not questions of fact; and if issue were joined thereon they could not be properly triable by a jury, as they are prayed to be in said petition."

5th.  " And for other reasons."

The Court sustained the motion and dismissed the petition and allegations.  The appellant then entered a prayer for an appeal, and the Court, under the 13th section of the 5th Article of the Code, certified and stated the questions decided by it.  By the Article and section last referred to, this

Court is restricted to the consideration of the rulings of the Court below as certified.

Reviewing these rulings, we think the Court below properly decided that the petition and allegations were filed within two years, the time prescribed by the 19th section of the 48th Article of the Code.

Though the Court did not decide the second question raised by the appellee, that the appellant failed to show himself a creditor *in limine*, yet, we think it was the right of the petitioner, upon a proper issue made, to offer evidence to the jury to show the indebtedness of the appellee to him.

The Court below also erred in its rulings on the 3d, 4th, 5th and 6th questions stated in its certificate. The jurisdiction of the Court to dispose of a case like the one at bar, arises out of the 19th section of the 48th Article, and attaches immediately upon the filing of the allegations within the time prescribed. It is a preliminary proceeding and secures to the party alleging himself to be a creditor, the right to have issues made upon the material facts set out in the allegations to be tried by a jury. If the facts relied on tend to prove fraud, and that the insolvent petitioner has not complied with the requirements of the 1st section of the 48th Article, or has been guilty of acts prohibited by the 6th, 7th or 8th sections of the same Article, it was the duty of the Court to have issues framed confining the petitioning creditor to such facts as, if found by the jury, would sustain the allegations of fraud as alleged.

We do not concur with the Court below in the opinion expressed and certified in the 3rd, 4th and 5th rulings. We think the action of the Court was premature. The allegations present questions of fact, upon which issues might have been framed, and to which the appellee could have plead with an issue to the country.

The 6th ruling was incorrect because the petitioning creditor was precluded from showing by evidence to the jury when

the facts set forth in his allegations did occur, which might have been done by an issue framed for that purpose.

The simple duty of the Court was to direct the framing of issues, and to determine, in view of the provisions of the 48th Article of the Code, whether the facts presented in them, if found by the jury, would convict the insolvent of having acted in derogation of those provisions, and if the issues were found against the insolvent to annul and rescind his discharge and release.

Entertaining the opinion that the ruling of the Court below dismissing the appellant's petition and allegations was erroneous, we shall reverse the order with costs in this Court to the appellant, and remand the cause for further proceedings.

*Order reversed and cause remanded.*

(Decided June 28th, 1866.)