## John Waters vs. Bruno Momenthy.

*Insolvency—Final order of Discharge—Appeal from an Order in Insolvency—Sec. 6, of Art. 71, of Revised Code—Jurisdiction of Court of Appeals—Certificate of Court.*

From an order for the final discharge of a debtor in insolvency, a creditor has his right of appeal within the time and in the manner prescribed by law. But if he does not avail himself of the right within the time prescribed, he cannot be allowed to revive the right by a petition subsequently filed, setting out defects and omissions in the proceedings.

Where to such petition an answer is filed, and upon hearing the petition and answer, the Court below simply orders the petition to be dismissed, without in any manner indicating the ground of its action, and no certificate stating the questions decided, is given by the Court as required by section 6, of Article 71, of the Revised Code, the action of said Court cannot be reviewed on appeal.

Nor has the Court of Appeals any power to pass an order upon the Court below, to furnish the certificate required by the statute.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J., for the appellant, and submitted on brief for the appellee.

*T. R. Clendinen,* for the appellant.

*Edward C. Carrington, Jr.,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The appeal in this case must be dismissed. It appears that the appellee, Momenthy, applied for the benefit of the

insolvent law on the 4th of August, 1879, and, after publication of notice to creditors, he obtained from the Court of Common Pleas of the City of Baltimore, on the 15th of November, 1879, an order of final discharge under that law; the order reciting that the applicant had fully complied with the terms of the law. On the 10th of May, 1887, the appellant, who was one of the creditors of Momenthy at the time of his application for the benefit of the insolvent law, filed his petition in the insolvent proceedings, alleging that the final discharge granted the appellee was void, because of certain defects and omissions in the proceedings, which had the effect of depriving the Court of Common Pleas of the right and jurisdiction to grant the final discharge to the appellee. The answer to the petition insists that the appellee had fully complied with all the requirements of the law, and acted fairly and *bona fide*, and that the Court had acquired jurisdiction and authority to grant the final discharge, and that the same cannot now be impeached.

Upon hearing the petition and answer, and argument thereon, the Court below simply ordered the petition to be dismissed, with costs, without in any manner indicating the ground of its action in so dismissing the petition. It is the final order of discharge that is sought to be vacated by this application, thus making the present petition serve the purpose of a sort of bill of review. But from the order sought to be vacated the appellant had his right of appeal, within the time and in the manner prescribed by law; and not having availed himself of the right within the time prescribed, he cannot be allowed to revive the right by any such proceeding as that adopted in this case. Besides, this is a matter in insolvency, and the appeal can only be prosecuted according to the terms of the insolvent law; which grants the right of appeal.

By Art. 5, sec. 13 of the Code, it is provided, "that the Court from whose judgment or order, under the insolvent

Waters *vs.* Momenthy.

laws, an appeal shall be taken, shall *immediately* upon the entry of such appeal, certify and state the questions in and decided by such Court; and *no question* which *shall not appear by such certificate* to have been raised in said Court *shall be considered by the Court of Appeals.*"

This provision of the statute restricts the power given this Court by the previous section of the Code, to review the order of the Court below ; and unless there be a certicate, or something equivalent to a certificate, defining the exact point or question considered and decided by the Court below, this Court clearly has no power of review. Here the petition sets up and relies upon several supposed defects in the proceedings as causes for declaring the whole proceeding void, but the legal validity of the proceedings is asserted and relied upon by the appellee ; and the order of the Court simply dismisses the petition. Without the certificate required by the statute, this Court is not advised, and is not authorised to conjecture, upon what ground the Court below acted in dismissing the petition. This Court, as we have seen, is strictly confined in its powers of review, to the point or question considered and decided by the Court below, and is forbidden to consider, upon the appeal authorised by the statute, any other point or question than such as may be certified. And as no point is certified here, we decide nothing in regard to the validity of the proceedings. *Wright vs. Kuhn,* 20 *Md.,* 421, 424; *Jaeger vs. Requardt,* 25 *Md.,* 231.

There has been an application to this Court for an order to the Court below, directing a certificate to be furnished, such as is required by the statute. But clearly, if it were even conceded that the certificate could be made at this late day, this Court has no power to pass such order upon the Court below. The whole matter is of statutory regulation, and this Court has no power in the premises other than that granted by the statute.

*Appeal dismissed.*